UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| TERRIE BANHAZL d/b/a HEIRLOOM CERAMICS,<br>         Plaintiff,<br><br>v.<br><br>THE AMERICAN CERAMIC SOCIETY, JUSTIN ROTHSHANK, and BEL INC.<br>         Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Terrie Banhazl d/b/a Heirloom Ceramics ("Banhazl" or "Heirloom Ceramics") brings this action for patent infringement against Defendants The American Ceramic Society ("Ceramic Society"), Justin Rothshank ("Rothshank") and Bel Inc. ("Bel") and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under 35 U.S.C. §§ 271, *et seq*., by Ms. Banhazl against Ceramic Society, Rothshank, and Bel.

## PARTIES

2.      Plaintiff Terrie Banhazl doing business as Heirloom Ceramics is an individual residing in Lynnfield, Massachusetts. Ms. Banhazl is the owner of U.S. Patent No. 7,622,237 entitled "System, Apparatus, and Method for the Permanent Transfer of Images onto Glossy Surfaces" to Terrie Banhazl, issued on November 24, 2009 from the United States Patent and Trademark Office (the " '237 Patent"). *See* Exhibit A. Ms. Banhazl d/b/a Heirloom Ceramics is in the business of selling through distributors multi-surface transfer paper with detailed instructions to create custom ceramic, porcelain, stoneware, and glass pieces using laser printer/photocopied

images and books describing her patented process. Ms. Banhazl advertises, promotes, sells, and distributes her products in interstate commerce in the United States, specifically including the Commonwealth of Massachusetts.

3. Upon information and belief, Defendant The American Ceramic Society is a nonprofit corporation organized and existing under the laws of Ohio with a principal place of business at 600 North Cleveland Avenue, Suite 210, Westerville, Ohio.

4. Upon information and belief, Defendant Justin Rothshank is an individual residing at 63786 County Road 33 in Goshen, Indiana.

5. Upon information and belief, Defendant Bel Inc. is a corporation organized and existing under the laws of Florida with a principal place of business at 12610 NW 115 Avenue, Medley, Florida.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Ms. Banhazl asserts claims for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code, including 35 U.S.C. § 271.

7. Defendants are subject to this Court's personal jurisdiction because they have purposefully availed themselves of the rights and benefits of the laws of Massachusetts, and their Massachusetts activities give rise to Ms. Banhazl's claims.

8. This Court has personal jurisdiction over The American Ceramic Society. Defendant Ceramic Society regularly and deliberately engaged in and continues to engage in activities that induce infringement of the '237 Patent through how-to tutorials and step-by-step instructions in its magazines and trade journals Pottery Illustrated and Ceramics Monthly, through

its instructional videos of artists directly infringing the '237 Patent on its YouTube channel, DVDs, online videos and conferences, and on its website Ceramic Arts Daily sold and accessed in and/or into the Commonwealth of Massachusetts and this judicial district.  Defendant Ceramic Society purposely and voluntarily offers its products and services for sale to persons in Massachusetts. The Ceramic Society magazines, trade journals, website, DVDs, books, online videos, and online conferences induce its members and artists to infringe the '237 Patent through how-to articles, step-by-step instructions, and tutorial videos depicting direct infringement of the '237 Patent that are publicly accessible to Massachusetts residents.  The Ceramic Society has committed acts of patent infringement within the District of Massachusetts.

9. This Court has personal jurisdiction over Defendant Justin Rothshank.  Defendant Rothshank regularly and deliberately engaged in and continues to engage in activities that directly infringe and induce infringement of the '237 Patent through how-to tutorials and step-by-step instructions in the Defendant Ceramic Society's magazines and trade journals, instructional videos on the American Ceramic Society's and his YouTube channels, DVDs, and sales of his pottery which utilize the claimed process of the '237 Patent in the Commonwealth of Massachusetts and this judicial district.  Defendant Rothshank purposely and voluntarily offers his products and services for sale to persons in Massachusetts through his etsy store Rothshank Artworks (https://www.etsy.com/shop/rothshank) and through galleries such as the Society of Arts and Crafts in Boston, MA, Pinch Gallery in Northampton, MA, and Fire Opal in Jamaica Plain and Brookline, MA (*see* http://rothshank.com/shop/galleries/).  Defendant Rothshank's articles, website, DVDs, books, and online videos induce artists to infringe the '237 Patent through step-by-step instructions and tutorial videos depicting direct infringement of the '237 Patent that is publicly accessible to Massachusetts residents.  Defendant Rothshank has committed acts of patent infringement within

the District of Massachusetts.

10. This Court has personal jurisdiction over Defendant Bel Inc. Bel regularly and deliberately engaged in and continues to engage in activities that result in manufacturing, using, selling, and/or offering for sale products and instructions in and/or into the Commonwealth of Massachusetts and this judicial district which induce infringement of the '237 Patent. Bel, directly or through intermediaries (including Defendants Rothshank and Ceramic Society), purposely and voluntarily offers products for sale to persons in Massachusetts. Bel's products and accompanying instructions, including its laser decal product line that is the subject of this patent infringement lawsuit, have been and continue to be sold to persons in Massachusetts and in this judicial district through established distribution channels. Additionally, Bel advertises its laser decal products that are the subject of this suit on its website (http://www.beldecal.com/) that is publicly accessible to Massachusetts residents. Bel has committed acts of inducing patent infringement within the District of Massachusetts.

11. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b).

## BACKGROUND

### The History of the '237 Patent

12. The '237 Patent claims a method for transferring an image printed with an iron-oxide based toner on a sheet of film-covered transfer paper, transferring the film to a glossy surface of an object, and heating the object to evaporate the film and embed the image.

13. Ms. Banhazl invented her patented process at the end of a long and difficult personal quest. She was determined to find a way to copy her family's beloved Dutch cocoa cream cake recipe onto a fully-functional cake plate to give to her mother for her 70th birthday. She

wanted to replicate the original recipe exactly as it was in the book and personalize it with her own words and an old photograph of her mother with her children.

14. What seemed like a simple process, was not. Ms. Banhazl's quest began with a search into all the ways possible to make a durable, lead free, oven and dishwasher safe ceramic platter with good quality print fired onto its surface. She delved into the history of photographic imagery on ceramic surfaces, silk-screening processes, and high technology solutions only to discover that a process did not exist to create her mother's birthday gift.

15. Ms. Banhazl began investigating laser printers and photocopiers containing iron based toner. She needed to find a way to adhere the toner to the ceramic surface and then fire it at a temperature that would maintain the integrity of the iron in the toner.

16. Ms. Banhazl experimented with many different processes and materials before finally perfecting and inventing the process that is the subject of her '237 Patent. On her mother's 73rd birthday (just a little late), she received her Dutch cocoa cream cake platter depicted here:



**Defendant Ceramic Society's Knowledge and Disregard for the '237 Patent**

17. Ms. Banhazl filed a provisional patent application for her iron oxide decal process on September 29, 2005.

5

18. Ms. Banhazl then created a business of selling kits, through a network of more than 70 worldwide distributors, for creating, designing and making iron oxide decals to permanently fire photographs, text and graphic designs onto earthenware, stoneware, porcelain, or fusible glass. Kits sold through Ms. Banhazl's distributors are licensed by Ms. Banhazl.

19. In response to a request from Pottery Making Illustrated (a publication of Defendant Ceramic Society) for submission of her provisional patent application for analysis and evaluation, Ms. Banhazl provided a copy of the application to William Jones in June of 2006. Ms. Banhazl subsequently provided notice to Mr. Jones at Defendant Ceramic Society after her '237 Patent issued.

20. On March 12, 2012, Ms. Banhazl provided written notice to Charles Spahr of Defendant Ceramic Society of her '237 Patent and Ceramic Society's active and ongoing inducement of its members'/readers' infringement of the '237 Patent: "We are, of course, concerned that since we formally alerted you to the patent pending in 2006, as well as the approved US Patent in 2009, you have continually published multiple articles that replicate the process exactly …. A partial list of these articles is listed below. In addition, no mention is ever made of Heirloom Ceramics as a source for the decal paper while pointing readers to an inferior off-label and untested decal paper from companies such as Bel or Pappio [Papilio]. This is an Active Inducement to Infringe… by both Ceramics Monthly as well as Bel and any other pre-coated decal paper manufacturer that are mentioned as being able to do this process."

21. Ms. Banhazl's March 2012 notice referenced sample articles published by Defendant Ceramic Society which induced infringement of the '237 Patent including "Breaking the Rules Pushing the Limits with Ceramic Details" in March/April of 2008, "The Details on Decal Paper for Ceramics" on July 25, 2008, "Layers of Color: Using Different Colors of Casting Slip

Resist Patterns and Decals to Create Graphical Pottery Surfaces" on December 8, 2010 and "A piece of Cake: Clay Appliqué Decoration on Functional Pottery" on May 30, 2011.

22. Despite subsequent correspondence between Sherman Hall at Defendant Ceramic Society and Ms. Banhazl, Ceramic Society refused to list only licensed sources for the iron oxide decal materials in its step-by-step articles explaining and tutorial videos depicting infringement of the '237 Patent.

23. Additional examples of Defendant Ceramic Society's articles and videos which induce infringement are: Ceramic Decals DVD "New Ideas and Techniques" depicting works made and sold by Justin Rothshank (April of 2012); "Layers of Color" DVD depicting works made and sold Andrew Gilliatt (January of 2013); Potters Council Convention "Engaging Ceramic Surfaces" Presenter Justin Rothshank (February of 2013 and available online); and "Image & Design Transfer Techniques" book published in 2015.

24. All of the above infringing sources are continually promoted and advertised on the ceramics daily website and the DVD's include video clips.

25. Defendant Ceramic Society continues to induce infringement of the '237 Patent by instructing how to perform the '237 patented process to its members, subscribers, and artists and including sources for unlicensed materials.

**Defendant Bel Induces Infringement Through Sales
of Decal Paper with Instructions on How-To Infringe the '237 Patent**

26. Defendant Bel sells decal paper on which laser images can be printed and transferred to ceramic and glass objects. Bel's instructions for laser decals include the following steps: "Print your image(s) from your computer using your laser printer, color copier or ALPs printer onto our blank decal paper"; "Discard backing material after the decal has been removed.

7

This means it is ready to apply onto your surface to decorate. Apply the decal to a clean surface by sliding the decal into place."

27. Bel includes special detailed instructions with its laser decal paper for how-to infringe the '237 Patent: "For Firing ONLY: a) You must print in BLACK ink. b) Your printer should be a Hewlett Packer (HP) or any printer that contains iron oxide in the ink. c) Fire the applied decal on ceramic using Cone 06 (about 1850°) d) The result is a Sepia tone design."

28. Ms. Claudia Arias at Defendant Bel has been aware of Ms. Banhazl and her patented process since 2009.

29. In 2009, Ms. Banhazl requested that Bel remove a link from its website which provided instructions on how to infringe the '237 Patent using Bel's laser decal paper.

30. On August 7, 2011, Ms. Banhazl provided a letter to Mr. Amin Ramjee, President of Bel Inc., alerting him to her patent rights and Bel's inducing infringement through sales of laser decal paper with firing instructions: "The Bel Inc. product infringing on the above mentioned US Patent is all versions and sizes of the Bel Water Slide Decal Paper that have Laser Instructions that include copy entitled "For Firing ONLY:."

31. Defendant Bel continues to induce infringement of the '237 Patent by selling, without a license, laser decal paper with step-by-step instructions for using a laser printer "that contains iron oxide in the ink" and firing "the applied decal on ceramic" at about 1850°.

**Justin Rothshank Directly Infringes and Induces Infringement of the '237 Patent**

32. Defendant Justin Rothshank is a ceramic decal artist. *See* http://rothshank.com/justins-work/decal-resources/decal-process/. He routinely creates ceramic pottery using the method described in the '237 Patent. *See id*.

8

33. Defendant Rothshank induces infringement of the '237 Patent through articles, presentations, demonstrations, and videos on his YouTube channel showing artists and hobbyists how to perform the '237 Patented method. *See* http://rothshank.com/justins-work/publications/.

34. Rothshank sells his iron oxide decal ceramics, created by the '237 Patented method, wholesale (*see* http://rothshank.com/shop/wholesale/), through galleries (*see* http://rothshank.com/shop/galleries/), and in his etsy store Rothshank Artworks (*see* https://www.etsy.com/shop/rothshank?ref=pr_shop_more).

35. Defendant Ceramic Society actively promotes Rothshank's infringing techniques and resulting ceramic works on its websites, publications, online videos, YouTube channel, books, and DVDs.

36. Rothshank also induces infringement of the '237 Patent by directing visitors to his website to Defendant Bel for purchasing unlicensed decal paper to use in the '237 Patented process. *See* http://rothshank.com/justins-work/decal-resources/decal-faqs/ ("Q: I just got my decal paper from BelDecal or decalpaper.com. Their website says: (a) they can't be used for ceramics or fired in a kiln? (b) they aren't dishwasher safe? (c) I can't figure out the cover coat? (d) I got the inkjet paper? … A: (a) it works in a kiln. (b) iron is dishwasher safe when it is fired into a glaze. It's also food safe. Many clay bodies also have iron in them. (c) you don't need the cover coat. (d) don't get the inkjet paper. Don't get an inkjet printer. Get a laser printer. Get laser paper."; "Q: I looked at the HP website for the MSDS sheet about my toner cartridge. Iron oxide is not listed as an ingredient, but you said it was?  A: Iron isn't always listed exactly. Sometimes its ferric or ferrous or some other word beginning with Fe, which happens to be the symbol for iron on the periodic table of elements."

37. On August 12, 2011, Ms. Banhazl provided notice to Defendant Rothshank of her '237 Patent, licensed products, and patent infringement issues pertaining to Rothshank's videos on Defendant Ceramic Society's website and upcoming DVD.

38. Again on August 18, 2015, Ms. Banhazl contacted Defendant Rothshank about inducing infringement of her '237 Patent and the adverse effect on Ms. Banhazl's business. She asked that he stop referencing unlicensed sources of decal paper in his publications and instructional videos.

39. To date, Defendant Rothshank continues to actively infringe and induce infringement of the '237 Patent.

## U.S. PATENT NO. 7,622,237

40. On November 24, 2009, the U.S. Patent and Trademark Office, after a full and fair examination, duly and legally issued to Terrie Banhazl as inventor United States Patent No. 7,622,237, entitled "System, Apparatus, and Method for the Permanent Transfer of Images onto Glossy Surfaces" (the " '237 patent"), a true and correct copy of which is attached as Exhibit A.

41. As is more fully reflected in the '237 Patent summary of the invention, and without limitation, the invention disclosed in the '237 Patent is a method for transferring iron oxide decals onto a glossy (*e.g.* ceramic or glass) surface.

42. Ms. Banhazl is the owner of the '237 Patent.

43. The '237 Patent is valid and enforceable.

44. Defendant Ceramic Society has knowledge of Ms. Banhazl's '237 Patent and its inducing infringement of the '237 Patent through its publications, DVDs, website, YouTube channel, *etc.*

45. Defendant Bel has knowledge of Ms. Banhazl's '237 Patent and its inducing

infringement of the '237 Patent through its sales of and instructions regarding its laser decal paper.

46.     Defendant Rothshank has knowledge of Ms. Banhazl's '237 Patent and his direct and inducing infringement of the '237 Patent through his creation of ceramic artwork utilizing the '237 Patented process, sales of iron oxide decal pieces, and his instructional publications and videos.

## INFRINGEMENT OF U.S. PATENT NO. 7,622,237

47.     The averments of the preceding paragraphs are restated.

48.     Defendant Ceramic Society actively and intentionally is inducing and has induced others to infringe claims 1-9 of the '237 Patent by, among other activities, publishing how-to tutorials and step-by-step instructions in its magazines and trade journals including Pottery Illustrated and Ceramics Monthly, through its instructional videos of artists directly infringing the '237 Patent on its YouTube channel, DVDs, online videos and conferences, and on its website Ceramic Arts Daily sold and accessed in and/or into this judicial district and elsewhere in the United States, without authority or license from Ms. Banhazl.  Ceramic Society also actively and intentionally is inducing and has induced others to infringe the '237 Patent by promoting Defendant Rothshank's iron oxide decal process, which directly infringes the '237 Patent and by sending its artists and members to Defendant Bel's website for purchases of unlicensed laser decal paper with instructions for infringing the '237 Patent.

49.     Defendant Bel actively and intentionally is inducing and has induced others to infringe claims 1-9 of the '237 Patent by, among other activities, manufacturing, importing, using, selling, and/or offering for sale products, including its laser decal paper with firing instructions in this judicial district and throughout the United States.  Bel, directly or through intermediaries (including Defendants Rothshank and Ceramic Society), purposely and voluntarily offers products

not licensed under the '237 Patent with instructions for infringing the '237 Patent.

50. Defendant Rothshank has directly infringed, literally or under the doctrine of equivalents, claims 1-9 of the '237 Patent by, among other activities, utilizing the '237 Patented process in creating and selling his iron oxide ceramic decal pottery wholesale, through his etsy store Rothshank Artworks (https://www.etsy.com/shop/rothshank), and in galleries throughout the United States.

51. Defendant Rothshank actively and intentionally is inducing and has induced others to infringe claims 1-9 of the '237 Patent by, among other activities, publishing how-to tutorials and step-by-step instructions in the Ceramic Society magazines and trade journals and instructional videos on the American Ceramic Society and through his YouTube channels and DVDs which show others how to infringe the '237 Patent. Defendant Rothshank directs artists and hobbyists to purchase unlicensed laser decal paper sold by Defendant Bel when inducing infringement of the '237 Patent.

52. Defendants had actual notice that the conduct of their customers, followers, readers, and members directly infringed the claims of the '237 Patent.

53. Defendants are not licensed under the '237 Patent.

54. As a result of Defendants' direct and/or inducing infringement of the '237 Patent, Ms. Banhazl has been irreparably injured. Unless such infringing acts are enjoined by this Court, Ms. Banhazl will continue to suffer additional irreparable injury.

55. As a result of Defendants' direct and/or inducing infringement of the '237 Patent, Ms. Banhazl has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Ms. Banhazl would have made but for Defendants infringing acts.

56. Upon information and belief, Defendants were aware of the existence of the '237 Patent and its direct and/or inducing infringement of the '237 Patent has been intentional, deliberate, and willful.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Banhazl requests the following relief:

(a) a declaration that Defendant Rothshank directly infringes, and has infringed, literally and under the doctrine of equivalents the '237 Patent under 35 U.S.C. § 271, and a final judgment incorporating the same;

(b) a declaration that all Defendants are inducing and have induced infringement of the '237 Patent under 35 U.S.C. § 271, and a final judgment incorporating the same;

(c) equitable relief under 35 U.S.C. § 283, including, but not limited to, an injunction that enjoins all Defendants and any of its officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with them from infringing and/or inducing infringement of the '237 Patent;

(d) an award of damages sufficient to compensate Ms. Banhazl for infringement of the '237 Patent by all Defendants, together with prejudgment, post-judgment interest and costs under 35 U.S.C. § 284;

(e) an accounting for damages;

(f) an order compelling Defendants to compensate Ms. Banhazl for any ongoing and/or future infringement of the '237 Patent, in an amount to be determined;

(g) a judgment holding that this is an exceptional case under 35 U.S.C. § 285 awarding Ms. Banhazl her reasonable attorneys' fees and expenses; and

(h) such other relief as deemed just and proper by the Court.

## JURY TRIAL DEMAND

Plaintiff Banhazl demands a trial by jury of all issues so triable.

                                             Respectfully Submitted by Terrie Banhazl d/b/a Heirloom Ceramics,

                                             By and through her attorneys,

Dated:  April 28, 2016                  */s/ Catherine I. Rajwani*

                                           Catherine I. Rajwani, Esq. (BBO# 674443)
                                           Lucia A. Passanisi, Esq. (BBO# 691189)
                                           THE HARBOR LAW GROUP
                                           300 West Main Street, Building A, Unit 1
                                           Northborough, MA 01532
                                           Phone:  (508) 393-9244
                                           Fax:  (508) 393-9245
                                           Email:  crajwani@harborlaw.com
                                           Email:  passanisi@harborlaw.com