UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TERRIE BANHAZL d/b/a HEIRLOOM CERAMICS, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 16-cv-10791-ADB |
| THE AMERICAN CERAMIC SOCIETY, | * * * | |
| Defendant. | * * * | |

**ORDER**

BURROUGHS, D.J.

Before the Court is Plaintiff Terrie Banhazl's ("Plaintiff") motion for prejudgment and post-judgment interest, future royalties, and further discovery. [ECF No. 168]. For the reasons set forth below the motion is <u>ALLOWED</u> in part and <u>DENIED</u> in part.

35 U.S.C. § 284 provides that "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." In its Findings of Fact and Conclusions of Law, this Court found Defendant liable, determined the reasonable royalty and, based on that royalty, awarded Plaintiff $161,939.52 in damages. [ECF No. 166 at 49–52]. Plaintiff has now moved, under Rule 59(e) of the Federal Rules of Civil Procedure for the Court to amend its May 10, 2022 Judgment to include prejudgment and post-judgment interest and future royalties. [ECF No. 168].

The Court begins with Plaintiff's request for prejudgment interest. "While arguments presented for the first time in a Rule 59(e) motion ordinarily are deemed forfeited, the grant or denial of prejudgment interest is an exception to this general rule." In re Redondo Const. Corp., 678 F.3d 115, 122 (1st Cir. 2012) (internal citation omitted). To that end, the First Circuit has explicitly "recognized that Rule 59(e) is an appropriate vehicle for the resolution of disputes about prejudgment interest." Id. (citing Bos. Gas Co. v. Century Indem. Co., 529 F.3d 8, 21 (1st Cir. 2008); Crowe v. Bolduc, 365 F.3d 86, 92–93 (1st Cir. 2004)). The purpose of awarding prejudgment interest is "to make the patentee whole because the patentee also lost the use of its money due to infringement." Crystal Semiconductor Corp. v. TriTech Microelectronics Intern., Inc., 246 F.3d 1336, 1361 (Fed. Cir. 2001) (citing Gen. Motors Corp. v. Devex Corp., 461 U.S. 648, 655–56 (1983)). The Supreme Court has held that the award of "prejudgment interest [is] the rule, not the exception[,]" but "noted that a patentee's undue delay in prosecution could justify denial of prejudgment interest." Id. (citing Gen. Motors, 461 U.S. at 657).

In her motion, Plaintiff skips past the question of whether the Court should award her prejudgment interest stating that she is "entitled to an award" and that "the only issue . . . is how that award should be calculated." [ECF No. 169 at 4]. Defendant argues, however, that Plaintiff is not entitled to prejudgment interest because she waited several years to file her lawsuit, which prejudiced Defendant in the form of increased damages and impeding Defendant's ability to defend itself. "[T]o show that delay was undue, a defendant must, at least generally, show that it was prejudiced." Kaufman v. Microsoft Corp., 34 F.4th 1360, 1375 (Fed. Cir. 2022) (citation omitted). In other words, a defendant would need to show that it would have stopped its infringing behavior, and thus avoided accruing damages, if Plaintiff had not delayed filing. Id. Here, as the Court previously found, "Defendant has . . . not offered any evidence to show that it

relied on Plaintiff's conduct and was prejudiced by it." [ECF No. 166 at 48].  Absent such prejudice, the Court is unable to conclude that denying prejudgment interest is warranted.

The Court, however, declines to award prejudgment interest at the Massachusetts statutory rate of 12 percent and instead applies the prime rate, compounded annually.  The Court, in its discretion[1] and in line with the reasoning of other sessions of this court, concludes "that the prime rate is an appropriate compromise between the Massachusetts statutory rate, which is excessive, and the miniscule Treasury Bill rate, which will not adequately compensate [Plaintiff] for the pre-judgment period of infringement."  WBIP, LLC v. Kohler Co., No. 11-cv-10374-NMG, 2014 WL 585854, at *4 (D. Mass. Feb. 12, 2014) (citing Uniroyal, Inc. v. Rudkin-Wiley Corp., 939 F.2d 1540, 1545 (Fed. Cir. 1991) and NTP, Inc. v. Rsch. in Motion, Ltd., 270 F. Supp. 2d 751, 763 (E.D. Va. 2003)); Trs. of Boston Univ., 187 F. Supp. 3d at 323.  Moreover, the Court finds that prejudgment interest should be awarded from the date of infringement because the award of interest is intended to compensate Plaintiff for the loss of use of money she otherwise would have had.  The Court therefore awards Plaintiff prejudgment interest in the amount of $61,761.16.

The Court further ALLOWS Plaintiff's motion to the extent it seeks an award of post-judgment interest.  28 U.S.C. § 1961(a) mandates that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . [and that] [s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  The post-judgment interest

---

[1] "The Federal Circuit 'has recognized that the district court has substantial discretion to determine the interest rate in patent infringement cases.'" Trs. Of Boston Univ. v. Everlight Elecs. Co., 187 F. Supp. 3d 306, 323 (D. Mass. 2016) (quoting Gyromat Corp. v. Champion Spark Plug Co., 735 F.2d 549, 556 (Fed. Cir. 1984).

3

will be calculated based on the district court's judgment, including prejudgment interest, at the applicable rate of 2.1 percent.

The Court also ALLOWS, as unopposed, Plaintiff's request for ongoing royalties calculated using the royalty rate and methodology set forth in the Court's Findings of Fact and Conclusions of Law. [ECF No. 166].

The Court, however, DENIES Plaintiff's motion to the extent she seeks further discovery for the simple reason that this argument, unlike the requests for interest, are not properly brought pursuant to Rule 59(e). See, e.g., OK Resorts of P.R., Inc. v. Charles Taylor Consulting Mexico, S.A. de C.V., No. 19-cv-1889-GAG, 2021 WL 819325, at *2 (D.P.R. Mar. 3, 2021) (reiterating that a Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures[,]" such as failing to move to compel the production of evidence while discovery was open, and thus denying the plaintiffs' motion that sought permission to conduct further discovery).

**SO ORDERED.**

January 11, 2023

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE